1  Robert A. Sacks (SBN 150146)
   sacksr@sullcrom.com
2  Brian R. England (SBN 211335)
   englandb@sullcrom.com
3  Edward E. Johnson (SBN 241065)
   johnsonee@sullcrom.com
4  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
5  Los Angeles, California 90067-1725
   Tel.:   (310) 712-6600
6  Fax:   (310) 712-8800

7  Frank L. Bernstein (SBN 189504)
   fbernstein@kenyon.com
8  KENYON & KENYON LLP
   1801 Page Mill Road, Suite 210
9  Palo Alto, California 94304-1216
   Tel.:   (650) 384-4700
10 Fax:   (650) 384-4701

11 *Attorneys for Defendants j2 Global, Inc. and*
   *Advanced Messaging Technologies, Inc.*
12

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15                  **SAN JOSE DIVISION**

16

17 INTEGRATED GLOBAL              )   Case No. CV 12-03434 RMW
   CONCEPTS, INC.                 )
18                                )   **DEFENDANTS j2 GLOBAL, INC.**
                    Plaintiff,    )   **AND ADVANCED MESSAGING**
19                                )   **TECHNOLOGIES, INC.'S**
                v.                )   **ANSWER TO PLAINTIFF**
20                                )   **INTEGRATED GLOBAL**
   j2 GLOBAL, INC. and            )   **CONCEPTS, INC.'S COMPLAINT**
21 ADVANCED MESSAGING             )   **FOR BREACH OF CONTRACT**
   TECHNOLOGIES, INC.             )   **AND COUNTERCLAIM**
22                                )
                    Defendants.   )
23                                )
                                  )
24                                )
                                  )
25 _____)

26

27

28

1            Defendants j2 Global, Inc. and Advanced Messaging Technologies,

2 Inc. ("AMT"; together, "j2") hereby answer the Complaint filed by Plaintiff

3 Integrated Global Concepts, Inc. ("IGC") and allege affirmative defenses and

4 counterclaims as follows:

5                                             __**j2's ANSWER**__

6         1.     The statements of Paragraph 1 merely purport to summarize the

7 complaint and are not directed at Defendants and, therefore, require no response.

8 To the extent a response is required, j2 denies the allegations of Paragraph 1.

9         2.     j2 admits the allegations set forth in Paragraph 2.

10         3.     j2 admits the allegations set forth in Paragraph 3.

11         4.     j2 admits that AMT is a Delaware corporation with its principal place

12 of business at 6922 Hollywood Blvd., Los Angeles, California and that AMT is a

13 subsidiary of j2.  j2 denies the remaining allegations set forth in Paragraph 4.

14         5.     j2 admits that this Court has subject matter jurisdiction over this case.

15         6.     j2 admits the allegations set forth in Paragraph 6.

16         7.     j2 denies the allegations set forth in Paragraph 7.

17         8.     j2 admits that this lawsuit may be brought in this District, but denies

18 that this District is the proper District in which this lawsuit should be heard.

19         9.     j2 denies the allegations set forth in Paragraph 9.

20         10.     j2 is without knowledge or information sufficient to form a belief

21 regarding the truth of the allegations set forth in Paragraph 10 and therefore, on

22 that basis, denies them.

23         11.     j2 is without knowledge or information sufficient to form a belief

24 regarding the truth of the allegations set forth in Paragraph 11 and therefore, on

25 that basis, denies them.

26         12.     j2 admits the allegations set forth in Paragraph 12.

27         13.     j2 admits the allegations set forth in Paragraph 13.

28         14.     j2 admits the allegations set forth in Paragraph 14.

1        15.    j2 admits the allegations set forth in Paragraph 15.

2        16.    j2 admits the allegations set forth in Paragraph 16.

3        17.    j2 is without knowledge or information sufficient to form a belief

4    regarding the truth of the allegations set forth in Paragraph 17 and therefore, on

5    that basis, denies them.

6        18.    j2 is without knowledge or information sufficient to form a belief

7    regarding the truth of the allegations set forth in Paragraph 18 and therefore, on

8    that basis, denies them.

9        19.    j2 admits that around November 1998 it was known as JFAX.COM

10   and that it provided a fax-to-email service.  j2 is without knowledge or information

11   sufficient to form a belief regarding the truth of the remaining allegations set forth

12   in Paragraph 19 and therefore, on that basis, denies them.

13       20.    j2 is without knowledge or information sufficient to form a belief

14   regarding the truth of the allegations set forth in Paragraph 20 and therefore, on

15   that basis, denies them.

16       21.    j2 is without knowledge or information sufficient to form a belief

17   regarding the truth of the allegations set forth in Paragraph 21 and therefore, on

18   that basis, denies them.

19       22.    j2 is without knowledge or information sufficient to form a belief

20   regarding the truth of the allegations set forth in Paragraph 22 and therefore, on

21   that basis, denies them.

22       23.    j2 admits that the Development Agreement, the Co-Location

23   Agreement, and the Source Code Escrow Agreement exist. j2 denies the remaining

24   allegations set forth in Paragraph 23.

25       24.    The documents speak for themselves. The statements of Paragraph 24

26   also set forth a legal conclusion rather than a factual allegation, and, as such, no

27   response is required. To the extent a response is required, j2 denies the allegations

28   set forth in Paragraph 24.

25.   j2 denies the allegations set forth in Paragraph 25.

26.   j2 is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 26 and therefore, on that basis, denies them.

27.   j2 admits the allegations set forth in Paragraph 27.

28.   The statements of Paragraph 28 set forth a legal conclusion rather than a factual allegation, and, as such, no response is required. To the extent a response is required, j2 denies the allegations set forth in Paragraph 28.

29.   The statements of Paragraph 29 set forth a legal conclusion rather than a factual allegation, and, as such, no response is required. To the extent a response is required, j2 denies the allegations set forth in Paragraph 29.

30.   j2 is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 30 and therefore, on that basis, denies them.

31.   j2 admits that it entered into a tripartite agreement with IGC and eFax. j2 denies the remaining allegations set forth in Paragraph 31.

32.   j2 admits that an Agreement of Understanding, dated June 30, 2000, was signed between j2, IGC, and eFax (the "Agreement of Understanding"). The document speaks for itself. To the extent a response is required, j2 denies the remaining allegations set forth in Paragraph 32.

33.   j2 denies the allegations set forth in Paragraph 33.

34.   j2 denies the allegations set forth in Paragraph 34.

35.   j2 admits that the Agreement of Understanding contains a provision referencing California Civil Code Section 1542. j2 denies the remaining allegations set forth in Paragraph 35.

36.   j2 denies the allegations set forth in Paragraph 36.

37.   j2 admits that Section 11(a) of the Agreement of Understanding, titled "Licensed Source Code, Ownership of Source Code," provides: "a. After the date

-3-

1   of the execution of the Merger Agreement, IGC, JFAX, and eFax will work

2   together to ensure that the source code to the software to which IGC will grant

3   eFax and JFAX a license pursuant to the terms of the Software License Agreement

4   (the "Licensed Source Code") is, in eFax's and JFAX's good faith determination,

5   buildable and usable by eFax and/or JFAX."  j2 denies the remaining allegations

6   set forth in Paragraph 37.

7        38.    j2 denies the allegations set forth in Paragraph 38.

8        39.    j2 admits that Nehemia Zucker and Richard Ressler are officers or

9   directors of j2. j2 denies the remaining allegations set forth in Paragraph 39.

10       40.    With respect to the allegations set forth in Paragraph 40, j2

11  respectfully refers the Court to the Agreement of Understanding for a complete and

12  accurate statement of its terms.  To the extent Paragraph 40 alleges any fact other

13  than the language of the Agreement of Understanding, j2 denies the allegations set

14  forth in Paragraph 40.

15       41.    With respect to the allegations set forth in Paragraph 41, j2

16  respectfully refers the Court to the Agreement of Understanding for a complete and

17  accurate statement of its terms.  To the extent Paragraph 41 alleges any fact other

18  than the language of the Agreement of Understanding, j2 denies the allegations set

19  forth in Paragraph 41.

20       42.    With respect to the allegations set forth in Paragraph 42, j2

21  respectfully refers the Court to the Agreement of Understanding for a complete and

22  accurate statement of its terms.  To the extent Paragraph 42 alleges any fact other

23  than the language of the Agreement of Understanding, j2 denies the allegations set

24  forth in Paragraph 42.

25       43.    j2 denies the allegations set forth in Paragraph 43.

26       44.    j2 admits that it received a Confidential Memorandum dated August

27  18, 2000 from IGC. j2 denies the remaining allegations set forth in Paragraph 44.

28       45.    j2 denies the allegations set forth in Paragraph 45.

-4-

46.     j2 admits that eFax is one of its brands. j2 denies the remaining allegations set forth in Paragraph 46.

47.     j2 admits the allegations set forth in Paragraph 47.

48.     j2 is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 48 and therefore, on that basis, denies them.

49.     j2 denies the allegations set forth in Paragraph 49.

50.     j2 denies the allegations set forth in Paragraph 50.

51.     j2 admits that the Agreement of Understanding was filed with the U.S. Securities and Exchange Commission.  j2 denies the remaining allegations set forth in Paragraph 51.

52.     j2 admits that Scott Turicchi is its President. j2 admits that Hemi Zucker is its CEO.  j2 denies that Scott Turicchi and Hemi Zucker have dealt extensively with John Neurauter.  j2 is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 52 and therefore, on that basis, denies them.

53.     j2 admits the allegations set forth in Paragraph 53.

54.     j2 denies the allegations set forth in Paragraph 54.

55.     j2 admits that the application for the '638 Patent was filed on April 1, 1997. j2 denies the remaining allegations set forth in Paragraph 55.

56.     j2 admits that the application for the '688 Patent was filed on June 12, 1998. j2 admits that the '132 Patent is a continuation of the '688 Patent and claims priority to the same date. j2 denies the remaining allegations set forth in Paragraph 56.

57.     j2 denies the allegations set forth in Paragraph 57.

58.     j2 admits that EKMS, Inc. sent IGC a letter in March 2002. j2 denies the remaining allegations set forth in Paragraph 58.

1    59.    j2 admits that its general counsel received a letter from IGC dated

2    April 2, 2002. j2 denies the remaining allegations set forth in Paragraph 59.

3        60.    j2 admits the allegations set forth in Paragraph 60.

4        61.    j2 admits that it has been protecting its intellectual property in good

5    faith. j2 denies the remaining allegations set forth in Paragraph 61.

6        62.    j2 admits the allegations set forth in Paragraph 62.

7        63.    j2 is without knowledge or information sufficient to form a belief

8    regarding the truth of the allegations set forth in Paragraph 63 and therefore, on

9    that basis, denies them.

10       64.    j2 denies the allegations set forth in Paragraph 64.

11       65.    j2 denies the allegations set forth in Paragraph 65.

12       66.    j2 denies the allegations set forth in Paragraph 66.

13       67.    j2 denies the allegations set forth in Paragraph 67.

14       68.    j2 denies the allegations set forth in Paragraph 68.

15       69.    With respect to the allegations set forth in Paragraph 69, j2

16   respectfully refers the Court to the Agreement of Understanding for a complete and

17   accurate statement of its terms.  To the extent Paragraph 69 alleges any fact other

18   than the language of the Agreement of Understanding, j2 denies the allegations set

19   forth in Paragraph 69.

20       70.    j2 denies the allegations set forth in Paragraph 70.

21       71.    j2 admits the allegations set forth in Paragraph 71.

22       72.    j2 denies the allegations set forth in Paragraph 72.

23       73.    j2 denies the allegations set forth in Paragraph 73.

24       74.    j2 denies the allegations set forth in Paragraph 74.

25       75.    j2 denies the allegations set forth in Paragraph 75.

26       76.    j2 admits that it is a publicly traded company with a market value in

27   excess of $1 billion.

28

1    77.    j2 admits that it was represented by counsel during the time of

2    negotiating, preparing, and executing of the Agreement of Understanding.

3    78.    j2 is without knowledge or information sufficient to form a belief

4    regarding the truth of the allegations set forth in Paragraph 78 and therefore, on

5    that basis, denies them.

6    79.    j2 denies the allegations set forth in Paragraph 79.

7    80.    j2 denies the allegations set forth in Paragraph 80.

8    81.    j2 denies the allegations set forth in Paragraph 81.

9    82.    j2 admits the allegations set forth in Paragraph 82.

10   83.    j2 denies the allegations set forth in Paragraph 83 as the Agreement of

11   Understanding expressly provides that "[t]his agreement will not be construed

12   against the party preparing it, but will be construed as if prepared by all parties."

13   84.    j2 is without knowledge or information sufficient to form a belief

14   regarding the truth of the allegations set forth in Paragraph 84 and therefore, on

15   that basis, denies them.

16   85.    j2 admits that IP Investments Group, Inc. sent a letter to IGC on

17   November 13, 2009.  j2 denies the remaining allegations set forth in Paragraph 85.

18   86.    j2 admits that IP Investments Group, Inc. sent a letter to Meixler

19   Technologies, Inc. on November 13, 2009, asserting infringement of '638, '688,

20   and '132 Patents. j2 denies the remaining allegations set forth in Paragraph 86.

21                                      **COUNT I**

22                              **BREACH OF CONTRACT**

23   87.    j2 hereby incorporates by reference Paragraphs 1 through 86, in

24   answer to Paragraph 87.

25   88.    j2 denies the allegations set forth in Paragraph 88.

26   89.    The statements of Paragraph 89 set forth a legal conclusion rather than

27   a factual allegation, and, as such, no response is required. To the extent a response

28   is required, j2 denies the allegations set forth in Paragraph 89.

-7-

90.     j2 denies the allegations set forth in Paragraph 90.

91.     j2 denies the allegations set forth in Paragraph 91.

92.     j2 denies the allegations set forth in Paragraph 92.

93.     j2 is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 93 and therefore, on that basis, denies them.

94.     j2 denies the allegations set forth in Paragraph 94.

95.     j2 denies the allegations set forth in Paragraph 95.

96.     j2 denies the allegations set forth in Paragraph 96.

97.     j2 denies the allegations set forth in Paragraph 97.

98.     j2 denies the allegations set forth in Paragraph 98.

99.     j2 denies the allegations set forth in Paragraph 99.

## COUNT II

## SPECIFIC PERFORMANCES

100.    j2 hereby incorporates by reference Paragraphs 1 through 99, in answer to Paragraph 100.

101.    j2 denies the allegations set forth in Paragraph 101.

102.    j2 denies the allegations set forth in Paragraph 102.

103.    j2 denies the allegations set forth in Paragraph 103.

104.    j2 denies the allegations set forth in Paragraph 104.

105.    The statements of Paragraph 105 set forth a legal conclusion rather than a factual allegation, and, as such, no response is required. To the extent a response is required, j2 denies the allegations set forth in Paragraph 105.

106.    j2 denies the allegations set forth in Paragraph 106.

107.    j2 denies the allegations set forth in Paragraph 107.

108.    j2 denies the allegations set forth in Paragraph 108.

## COUNT III

## BREACH OF CONTRACT

-8-

1    **(Related to the '066 Patent)**

2      109.   j2 hereby incorporates by reference Paragraphs 1 through 108, in

3    answer to Paragraph 109.

4      110.   j2 admits the allegations set forth in Paragraph 110.

5      111.   j2 admits the allegations set forth in Paragraph 111.

6      112.   j2 is without knowledge or information sufficient to form a belief

7    regarding the truth of the allegations set forth in Paragraph 112 and therefore, on

8    that basis, denies them.

9      113.   j2 denies the allegations set forth in Paragraph 113.

10     114.   j2 admits the allegations set forth in Paragraph 114.

11     115.   j2 admits the allegations set forth in Paragraph 115.

12     116.   The statements of Paragraph 116 set forth a legal conclusion rather

13   than a factual allegation, and, as such, no response is required. To the extent a

14   response is required, j2 denies the allegations set forth in Paragraph 116.

15     117.   j2 denies the allegations set forth in Paragraph 117.

16     118.   j2 denies the allegations set forth in Paragraph 118.

17     119.   j2 denies the allegations set forth in Paragraph 119.

18     120.   j2 denies the allegations set forth in Paragraph 120.

19     121.   j2 denies the allegations set forth in Paragraph 121.

20     122.   j2 denies the allegations set forth in Paragraph 122.

21     123.   j2 denies the allegations set forth in Paragraph 123.

22                    **AFFIRMATIVE DEFENSES**

23         Without undertaking any burden of proof it does not have as a matter

24   of law, j2 alleges the following affirmative defenses.  j2 expressly and specifically

25   reserves the right to amend this Answer to add, delete, or modify affirmative

26   defenses based upon legal theory, facts and circumstances which may or will be

27   developed through discovery or further legal analysis of Plaintiff's claims and j2's

28   position in this litigation.

-9-

1

## FIRST AFFIRMATIVE DEFENSE

2       The Complaint fails to state a claim upon which relief may be granted

3    under Fed. R. Civ. P. 12(b)(6).

4

## SECOND AFFIRMATIVE DEFENSE

5       Plaintiff's claims are barred, in whole or in part, because Plaintiff

6    infringes one or more claims of U.S. Patent Nos. 6,208,638, 6,350,066, 6,597,688,

7    and 7,020,132.

8

## THIRD AFFIRMATIVE DEFENSE

9       Plaintiff's claims are barred, in whole or in part, by the doctrine of

10   waiver.

11

## FOURTH AFFIRMATIVE DEFENSE

12       Plaintiff's claims are barred, in whole or in part, by the doctrine of

13   estoppel.

14

## FIFTH AFFIRMATIVE DEFENSE

15       Plaintiff's claims are barred, in whole or in part, by the doctrine of

16   laches.

17

## SIXTH AFFIRMATIVE DEFENSE

18       Plaintiff's claims are barred, in whole or in part, by the doctrine of

19   unclean hands.

20

## SEVENTH AFFIRMATIVE DEFENSE

21       Plaintiff's claims are barred, in whole or in part, by the applicable

22   statute of limitations.

23

## EIGHTH AFFIRMATIVE DEFENSE

24       Plaintiff's claims are barred, in whole or in part, because, as construed

25   by IGC, the Agreement of Understanding is unenforceable.

26

27

28

1

**PRAYER FOR RELIEF**

2    WHEREFORE, j2 and AMT respectfully request judgment on the

3  Complaint as follows:

4         A.    Judgment in favor of j2 and AMT;

5         B.    Dismissal of the Complaint with prejudice;

6         C.    An award of j2's and AMT's reasonable attorneys' fees;

7         D.    An award to j2 and AMT of their costs and expenses incurred

8  herein; and

9         E.    Such other and further relief as this Court deems just and

10  proper.

11

12  Dated:  April 12, 2013          /s/ Robert A. Sacks

13                                  Robert A. Sacks (SBN 150146)
                                    Brian R. England (SBN 211335)

14                                  Edward E. Johnson (SBN 241065)
                                    SULLIVAN & CROMWELL LLP

15                                  1888 Century Park East
                                    Los Angeles, California 90067-1725

16                                  (310) 712-6600
                                    (310) 712-8800 facsimile

17                                  Frank L. Bernstein (SBN 189504)

18                                  KENYON & KENYON LLP
                                    1801 Page Mill Road, Suite 210

19                                  Palo Alto, California 94304-1216
                                    (650) 384-4700

20                                  (650) 384-4701 facsimile

21                                  *Attorneys for Defendants j2 Global, Inc. and*
                                    *Advanced Messaging Technologies, Inc.*

22

23

24

25

26

27

28

1

## j2's COUNTERCLAIMS

2

### THE PARTIES

3

1.     j2 is a corporation organized under the laws of the State of Delaware

4

with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los

5

Angeles, California, 90028.  j2 provides messaging and communications services

6

to millions of customers around the world.

7

2.     AMT is a wholly-owned subsidiary of j2, organized under the laws of

8

the State of Delaware with its principal place of business at 6922 Hollywood

9

Boulevard, Suite 500, Los Angeles, California, 90028.

10

3.     Upon information and belief, IGC is a Illinois corporation with its

11

principal place of business at 501 N. Cleveland, # 1F, Chicago, Illinois 60610.

12

4.     IGC, through its MaxEmail$^{TM}$ service, provides Internet facsimile and

13

voicemail messaging services to customers across the United States.

14

### JURISDICTION AND VENUE

15

5.     This is an action for patent infringement arising under the patent laws

16

of the United States, Title 35 of the United States Code.  Accordingly, this Court

17

has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18

6.     The venue is also proper in this district pursuant to 28 U.S.C. §§

19

1391(b) and (c), and 1400(b). Defendants are doing business in this District and

20

acts of infringement have occurred in this District.

21

### CAUSES OF ACTION

22

### COUNT I – Infringement of U.S. Patent No. 6,208,638

23

7.     j2 repeats and realleges the allegations of paragraphs 1 through 6 of

24

these Counterclaims as though fully set forth herein.

25

8.     United States Patent No. 6,208,638, entitled "Method and Apparatus

26

for Transmission and Retrieval of Facsimile and Audio Messages Over a Circuit or

27

Packet Switched Network" (hereinafter "the '638 Patent"), was duly and legally

28

issued on March 27, 2001, to Jack Rieley and Jaye Muller.  The '638 Patent

underwent reexamination, and a reexamination certificate issued December 9, 2008.  A true and correct copy of the '638 Patent and the reexamination certificate are attached hereto as Exhibit A.

9.    The '638 patent has been in full force and effect since its issuance, and since the issuance of the reexamination certificate.  j2 owns by assignment the entire right, title, and interest in and to the '638 Patent, including the right to sue for past, present, and future infringements thereof.

10.    IGC has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '638 Patent in violation of 35 U.S.C. § 271, et seq.  IGC has committed acts of direct infringement by making, using, selling, and/or offering to sell infringing products and/or services within the United States, and/or importing infringing products and/or services into the United States, including, but not limited to IGC's MaxEmail™ service, and acts of indirect infringement by selling and/or offering to sell infringing products and/or services through resellers.

11.    IGC's activities have been without express or implied license by j2.

12.    IGC will continue to infringe the '638 Patent unless enjoined by this Court.  As a result of the infringing conduct of IGC, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Accordingly, j2 is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

13.    As a result of IGC's infringement of the '638 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

14.    Because IGC has continued its activities after receiving actual notice of the '638 Patent, and after receiving notice of the reexamination certificate, IGC's infringement is willful.  As a result, j2 is further entitled to trebling of

-13-

1   damages pursuant to 35 U.S.C. § 284, and to the designation of this case as

2   exceptional pursuant to 35 U.S.C. § 285, whereby j2 is further entitled to an award

3   of its attorneys' fees.

4                **COUNT II – Infringement of U.S. Patent No. 6,350,066**

5        15.   j2 repeats and realleges the allegations of paragraphs 1 through 6 of

6   these Counterclaims as though fully set forth herein.

7        16.   United States Patent No. 6,350,066, entitled "Systems and methods

8   for Storing, Delivering, and Managing Messages" (hereinafter "the '066 Patent"),

9   was duly and legally issued on February 26, 2002, to Charles R. Bobo, II.  The

10  '066 Patent underwent reexamination, and a reexamination certificate issued May

11  5, 2009.  A true and correct copy of the '066 Patent and the reexamination

12  certificate are attached hereto as Exhibit B.

13       17.   The '066 patent has been in full force and effect since its issuance,

14  and since the issuance of the reexamination certificate.  AMT owns by assignment

15  the entire right, title, and interest in and to the '066 Patent, including the right to

16  sue for past, present, and future infringements thereof.

17       18.   IGC has directly infringed, and/or has induced others to infringe,

18  and/or has committed acts of contributory infringement of one or more claims of

19  the '066 Patent in violation of 35 U.S.C. § 271, *et seq*.  IGC has committed acts of

20  direct infringement by making, using, selling, and/or offering to sell infringing

21  products and/or services within the United States, and/or importing infringing

22  products and/or services into the United States, including, but not limited to IGC's

23  MaxEmail$^{TM}$ service, and acts of indirect infringement by selling and/or offering to

24  sell infringing products and/or services through resellers.

25       19.   IGC's activities have been without express or implied license by

26  AMT.

27       20.   IGC will continue to infringe the '066 Patent unless enjoined by this

28  Court.  As a result of the infringing conduct of IGC, AMT has suffered, and will

-14-

1    continue to suffer, irreparable harm for which there is no adequate remedy at law.

2    Accordingly, AMT is entitled to temporary, preliminary, and/or permanent

3    injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

4        21.    As a result of IGC's infringement of the '066 Patent, AMT has been

5    damaged, and will be further damaged, and is entitled to be compensated for such

6    damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be

7    ascertained, but that will be determined at trial.

8        22.    Because IGC has continued its activities after receiving actual notice

9    of the '066 Patent, and after receiving notice of the reexamination certificate,

10   IGC's infringement is willful.  As a result, AMT is further entitled to trebling of

11   damages pursuant to 35 U.S.C. § 284, and to the designation of this case as

12   exceptional pursuant to 35 U.S.C. § 285, whereby AMT is further entitled to an

13   award of its attorneys' fees.

14            **COUNT III – Infringement of U.S. Patent No. 6,597,688**

15       23.    j2 repeats and realleges the allegations of paragraphs 1 through 6 of

16   these Counterclaims as though fully set forth herein.

17       24.    United States Patent No. 6,597,688, entitled "Scalable Architecture

18   for Transmission of Messages over a Network" (hereafter "the '688 Patent"), was

19   duly and legally issued on July 22, 2003, to Anand Narasimhan, Yaacov Shemesh

20   and Amit Kumar.  The '688 Patent underwent reexamination, and a reexamination

21   certificate issued March 11, 2008.  A true and correct copy of the '688 Patent and

22   the reexamination certificate is attached hereto as Exhibit C.

23       25.    The '688 Patent has been in full force and effect since its issuance,

24   and since the issuance of the reexamination certificate.  j2 owns by assignment the

25   entire right, title and interest in and to the '688 Patent, including the right to sue for

26   past, present, and future infringements thereof.  j2 has provided and IGC has

27   received actual notice of the '688 Patent.

28

-15-

26.     IGC has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '688 Patent in violation of 35 U.S.C. § 271, *et seq.*  IGC has committed acts of direct infringement by making, using, selling, and/or offering to sell infringing products and/or services within the United States, and/or importing infringing products and/or services into the United States, including, but not limited to IGC's MaxEmail™ service, and acts of indirect infringement by selling and/or offering to sell infringing products and/or services through resellers.

27.     IGC's activities have been without express or implied license by j2.

28.     IGC will continue to infringe the '066 Patent unless enjoined by this Court.  As a result of the infringing conduct of IGC, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, j2 is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

29.     As a result of IGC's infringement of the '688 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

30.     Because IGC has continued its activities after receiving actual notice of the '688 Patent, and after receiving notice of the reexamination certificate, IGC's infringement is willful.  As a result, j2 is further entitled to trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby j2 is further entitled to an award of its attorneys' fees.

**COUNT IV – Infringement of U.S. Patent No. 7,020,132**

31.     j2 repeats and realleges the allegations of paragraphs 1 through 6 of these Counterclaims as though fully set forth herein.

-16-

32.     United States Patent No. 7,020,132, entitled "Scalable Architecture for Transmission of Messages over a Network" (hereafter "the '132 Patent"), was duly and legally issued on March 28, 2006, to Anand Narasimhan, Yaacov Shemesh and Amit Kumar.  A true and correct copy of the '132 Patent is attached hereto as Exhibit D.

33.     The '132 Patent has been in full force and effect since its issuance.  j2 owns by assignment the entire right, title and interest in and to the '132 Patent, including the right to sue for past, present, and future infringements thereof.

34.     IGC has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '132 Patent in violation of 35 U.S.C. § 271, *et seq*.  IGC has committed acts of direct infringement by making, using, selling, and/or offering to sell infringing products and/or services within the United States, and/or importing infringing products and/or services into the United States, including, but not limited to IGC's MaxEmail™ service, and acts of indirect infringement by selling and/or offering to sell infringing products and/or services through resellers.

35.     IGC's activities have been without express or implied license by j2.

36.     IGC will continue to infringe the '132 Patent unless enjoined by this Court.  As a result of the infringing conduct of IGC, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Accordingly, j2 is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

37.     As a result of IGC's infringement of the '132 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

38.     Because IGC has continued its activities after receiving actual notice of the '132 Patent, and after receiving notice of the reexamination certificate,

-17-

1  IGC's infringement is willful.  As a result, j2 is further entitled to trebling of

2  damages pursuant to 35 U.S.C. § 284, and to the designation of this case as

3  exceptional pursuant to 35 U.S.C. § 285, whereby j2 is further entitled to an award

4  of its attorneys' fees.

5  <u>**PRAYER FOR RELIEF**</u>

6         WHEREFORE, j2 and AMT respectfully request judgment on their

7  counterclaims as follows:

8         A.     That IGC has infringed the claims of the '066, '638, '688 and

9  '132 Patents under 35 U.S.C. § 271 *et seq.*;

10         B.     That injunctions, preliminary and permanent, be issued by this

11  Court restraining IGC, its respective officers, agents, servants, directors, and

12  employees, and all persons in active concert or participation with IGC, from

13  directly or indirectly infringing the '066, '638, '688 and '132 Patents;

14         C.     That IGC be required to provide j2 and AMT an accounting of

15  all gains, profits and advantages derived by IGC's infringement of the '066, '638,

16  '688 and '132 Patents, and that j2 and AMT be awarded damages adequate to

17  compensate j2 and AMT for the wrongful infringing acts by IGC, in accordance

18  with 35 U.S.C. § 284;

19         D.     That as a result of IGC's willful infringement of the '066, '638,

20  '688 and '132 Patents, j2 and AMT be awarded treble damages pursuant to 35

21  U.S.C. § 284;

22         E.     That the Court declare this case exceptional and award j2 and

23  AMT their reasonable attorneys' fees pursuant to 35 U.S.C. § 285 as a result of

24  IGC's willful infringement of the '066, '638, '688 and '132 Patents;

25         F.     That j2 and AMT be awarded their costs and expenses incurred

26  herein; and

27

28

-18-

1     G.     That j2 and AMT be awarded such other and further relief as

2   this Court deems just and proper.

3   Dated:  April 12, 2013                 /s/ Robert A. Sacks
                                           _____
4                                          Robert A. Sacks (SBN 150146)
                                           Brian R. England (SBN 211335)
5                                          Edward E. Johnson (SBN 241065)
                                           SULLIVAN & CROMWELL LLP
6                                          1888 Century Park East
                                           Los Angeles, California 90067-1725
7                                          (310) 712-6600
                                           (310) 712-8800 facsimile
8
                                           Frank L. Bernstein (SBN 189504)
9                                          KENYON & KENYON LLP
                                           1801 Page Mill Road, Suite 210
10                                         Palo Alto, California 94304-1216
                                           (650) 384-4700
11                                         (650) 384-4701 facsimile

12                                         *Attorneys for Defendants j2 Global, Inc. and*
                                           *Advanced Messaging Technologies, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

j2 and AMT demand a trial by jury of all issues so triable.

Dated:  April 12, 2013                        /s/ Robert A. Sacks
                                              Robert A. Sacks (SBN 150146)
                                              Brian R. England (SBN 211335)
                                              Edward E. Johnson (SBN 241065)
                                              SULLIVAN & CROMWELL LLP
                                              1888 Century Park East
                                              Los Angeles, California 90067-1725
                                              (310) 712-6600
                                              (310) 712-8800 facsimile

                                              Frank L. Bernstein (SBN 189504)
                                              KENYON & KENYON LLP
                                              1801 Page Mill Road, Suite 210
                                              Palo Alto, California 94304-1216
                                              (650) 384-4700
                                              (650) 384-4701 facsimile

                                              *Attorneys for Defendants j2 Global, Inc. and
                                              Advanced Messaging Technologies, Inc.*

-20-