Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California  90067-1725
Tel.:   (310) 712-6600
Fax:   (310) 712-8800

Frank L. Bernstein (SBN 189504)
fbernstein@kenyon.com
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
Tel.:  (650) 384-4700
Fax:   (650) 384-4701

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| INTEGRATED GLOBAL CONCEPTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED MESSAGING TECHNOLOGIES, INC. and j2 GLOBAL, INC.,<br><br>Defendants. | Case No. CV 12-03434 RMW<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND CASE SCHEDULE** |

Pursuant to Civil Local Rules 7-10 and 6-1(b) and Federal Rule of Civil Procedure 6(b), and for the reasons set forth in the attached Declaration, Defendants j2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively, "j2") respectfully submit this *ex parte* application requesting that the Court grant a 28-day extension of time for each of the deadlines established in the Court's December 17, 2013 scheduling order (Dkt. No. 88).

An extension is warranted because since the close of business on Friday, January 3rd—two weeks before the discovery cutoff—Plaintiff Integrated Global Concepts, Inc. ("IGC") has produced approximately 11,000 pages of documents and thousands of source code files. j2 requested these documents on July 22, 2013, because in opposing j2's motion to dismiss its breach of contract claim, IGC represented to the Court that its system has not changed since 2000. IGC refused to produce the source code and other technical documents necessary to test that assertion, so on September 17, 2013, j2 moved to compel. Judge Grewal granted j2's motion in full on December 13, 2013, ruling that because IGC "put the developmental state of its product at issue," it would be "manifestly unjust to deny j2 the opportunity to probe the factual basis of IGC's assertions." (Dkt. No. 87.)

It took IGC three weeks to comply with Judge Grewal's Order: IGC produced documents on Friday night (January 3rd) and first made its source code available today (January 6th). j2 has noticed the depositions of IGC's two principals, Jack and John Neurauter, for January 10 and 15, 2013, and IGC has stated it is not willing to move those dates. It is not possible to begin reviewing source code on Monday and adequately prepare to question a witness about that source code the same week. Indeed, j2's preliminary review of the source code today indicated that—despite the representations by IGC's counsel and sworn statements of Mr. Neurauter that the system has not changed since 2000—the number of source code files has increased from roughly 700 in 2000 to roughly

-1-

4,000 now. Analyzing the changes reflected in these thousands of source code files is not a task that can be accomplished in three days.

In addition, an extension is warranted because of the amount of discovery remaining to be completed in the next two weeks, most of it IGC's. In addition to j2's two depositions (on January 10 and 15 in Chicago), IGC has noticed *eight* depositions over the next nine business days: Jeff Adelman on January 7 (in Los Angeles), Steven Hamerslag on January 8 (in San Diego), Richard Ressler on January 13 (in San Francisco), Todd Kenck also on January 13 (in Seattle), Josh Mailman on January 14 (in San Francisco), Michael Crandell on January 16 (in Los Angeles), a 30(b)(6) deposition of j2 and AMT also on January 16 (in San Francisco), and Nicholas Morosoff on January 17 (back in Los Angeles). There is also a hearing on IGC's Motion to Compel on January 14. This is not a reasonable schedule, and j2 will be prejudiced by the lack of adequate time to prepare for these depositions and meet with the witnesses.

Accordingly, j2 is seeking a four-week extension, to provide time for it to review the source code and other newly-produced documents, and take any necessary follow-up depositions. j2 requested that IGC agree to this limited extension, and even offered as a compromise an extension of two weeks of the fact discovery period with no change to the trial date. IGC never identified any prejudice that it would suffer as a result of this short extension, but refused to consent. (Declaration of Edward E. Johnson ("Johnson Decl.") Ex. A.) The Court stated at the November 1, 2013 hearing (in consolidated Case No. 13-cv-2971), in response to a request from j2 to extend the case schedule at that time, that "if there are insurmountable problems, you can apply to me for relief." (Johnson Decl. Ex. B.) j2 respectfully submits that such relief is warranted, and proposes the following amended schedule:

-2-

| Event | Current Date | Proposed Date |
|---|---|---|
| Close of fact discovery | 1/17/2014 | **2/14/2014** |
| Deadline to File Dispositive Motions | 1/31/2014 | **2/28/2014** |
| Deadline to Oppose Dispositive Motions | 2/21/2014 | **3/21/2014** |
| Deadline to File Reply to Dispositive Motions | 3/4/2014 | **4/1/2014** |
| Hearing on Dispositive Motions | 3/14/2014 | **4/11/2014** |
| Pretrial Conference | 4/3/2014 at 2:00 p.m. | **5/1/2014 at 2:00 p.m.** |
| Trial on Contract Interpretation Issue | 4/21/2014 at 1:30 p.m. | **5/19/2014 at 1:30 p.m.** |

Date: January 6, 2014

Respectfully submitted,

/s/ Robert A. Sacks
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.: (310) 712-6600
Fax: (310) 712-8800

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
Tel.: (650) 384-4700
Fax: (650) 384-4701

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*