UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| INTEGRATED GLOBAL CONCEPTS, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> j2 GLOBAL, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Defendant and Counterclaimant. | Case No.: 5:12-cv-03434-RMW (PSG) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL** <br><br> **(Re: Docket No. 86)** |

Integrated Global Concepts, Inc. moves to compel j2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively "j2") to produce communications it exchanged with eFax, Inc. between July and November, 2000 and all communications EKMS.[1]  Having considered the parties' papers and arguments the court GRANTS IGC's motion to compel both sets of documents.

**I. BACKGROUND**

The parties are familiar with the status and history of this case, so the court will focus its attention on the key events that are relevant here.

---

[1] *See* Docket No. 86.

1

Case No.: 5:12-cv-03434-RMW (PSG)
ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

On July 13, 2000 j2 and eFax entered into an Agreement and Plan of Merger, indicating that the two companies would merge if certain conditions were met over the next several months. Five months later, on November 29, 2000, j2 and eFax finally effectuated the merger. Later, at some point in 2002, j2 retained the services of EKMS as a patent licensing agent, for assistance expanding and improving its patent portfolio. IGC seeks to discover certain communications with these parties.

On November 16, 2013, j2 produced a log to IGC claiming privilege over approximately 1000 documents. Shortly thereafter, IGC objected to several of the entries, which j2 defended as protected by the common interest privilege. Following a brief meet and confer, IGC filed the instant motion. j2 then went over the documents again and withdrew its privilege claims with respect to approximately 100 documents. IGC still seeks discovery as to those documents that remain.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."[2] "Relevance for purposes of discovery is defined very broadly."[3] If a party facing a discovery deadline is waiting for documents in response to a document request, the party may immediately move to compel production of the documents.[4] On a motion to compel, the party seeking to compel discovery has the initial burden of "establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)."[5] "In turn, the party opposing discovery has the burden of showing that the discovery

---

[2] Fed. R. Civ. P. 26(b).

[3] *See Garneau* v. *City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998).

[4] *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

[5] *See* Fed. R. Civ. P. 26(b)(1); *see Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

2
Case No.: 5:12-cv-03434-RMW (PSG)
ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

should not be allowed, and also has the burden of clarifying, explaining or supporting its objections with competent evidence."[6]

In order to claim the attorney-client privilege, the party asserting the privilege bears the burden of demonstrating that the communication: 1) sought legal advice; 2) from a legal adviser in his capacity as such; [such that] 3) the communications relating to that purpose; 4) made in confidence; 5) by the client; 6) are at his instance permanently protected; 7) from disclosure by himself or by the legal adviser; and 8) the privilege was not waived.[7] The common-interest is, essentially, an exception to the waiver rule of the attorney-client privilege.[8] It "protects not only the confidentiality of communications passing from a party to his or her attorney but also 'from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel'"[9] where "1) the communication is made by separate parties in the course of a matter of common interest; 2) the communication is designed to further that effort; and 3) the privilege has not been waived."[10]

### III. DISCUSSION

The common interest doctrine is a narrow exception to the general rule that disclosing information to a third party constitutes a waiver of the attorney-client privilege.[11] It generally applies "where allied lawyers and clients work together in prosecuting or defending a lawsuit so

---

[6] *See Louisiana Pacific Corp.* v. *Money Market 1 Institutional Investment Dealer*, Case No. 09-cv-03529-JSW, 2012 WL 5519199, at *3 (N.D. Cal. Nov. 14, 2012); *United States v. Warner*, Case No. 11-cv-04181-LB, 2012 WL 6087193, at *3 (N.D. Cal. Dec. 6, 2012).

[7] *See Aronson v. McKesson HBOC, Inc.*, Case No. 99-cv-20743, 2005 WL 93433, at *3 (N.D. Cal. Mar. 31, 2005) (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir.1992)).

[8] *See United States v. Austin*, 416 F.3d 1016, 1021 (9th Cir. 2005).

[9] *Id.*

[10] *United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003).

[11] *See id.*

3
Case No.: 5:12-cv-03434-RMW (PSG)
ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

that they may exchange information among themselves without waving the privilege,"[12] although it may, in rare cases, be extended to situations where there is anticipated joint litigation, but nothing pending imminently.[13]

Here, j2 relies on the common interest doctrine to shield communications with two entities when it faced no litigation, no impending threat of litigation, and which do not provide any form of legal service as their business.[14]  Moreover, j2 has failed to proffer any evidence of any written agreement with these two entities whatsoever, giving the court no evidence on which to base a finding that the communications are covered by the privilege.  "While such a writing may not always be required, [j2] also has not shown that the [communications] disclosed that which the common interest privilege was designed to protect—'a pre-existing privileged document' shared among 'allied lawyers and clients—who are working together in prosecuting or defending a lawsuit or in certain other legal transaction.'"[15]  In the absence of any agreement, written or otherwise, or any evidence of a common legal foe, the communications in question fall outside the scope of the common-interest privilege.

### IV. CONCLUSION

IGC's motion to compel is GRANTED as to both sets of documents.  All documents at issue are to be produced by no later than January 28, 2014.

---

[12] *Elan Microelectronics Corp. v. Apple, Inc.*, Case No. 09-cv-01531-RS (PSG), 2011 WL 3443923, at *2 (N.D. Cal. Aug. 8, 2011).

[13] *See id.*

[14] Although j2 attempts to liken their relationship with EKMS to the hiring of a law firm to provide outside counsel on their patent portfolio, EKMS is described in business publications as "provid[ing] technical and business expertise to help companies identify, assess, protect and leverage IP assets to enhance market leadership and profitability."  *UTEK Corporation Acquires EKMS, Inc., A Leading Intellectual Property Management Firm*, THE BUSINESS WIRE, (Jan. 16, 2014) (http://www.businesswire.com/news/home/20041202005100/en/UTEK-Corporation-Acquires-EKMS-Leading-Intellectual-Property#.UthMMfuQmZQ).   This is a quintessential example of a business relationship which may, nonetheless, touch on certain areas of legal expertise.

[15] *Elan*, 2011 WL 3443923, at *4.

**IT IS SO ORDERED.**

Dated: January 21, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge