UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTEGRATED GLOBAL CONCEPTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>j2 GLOBAL, INC. AND ADVANCED MESSAGING TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. C-12-03434-RMW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**<br><br>**[Re: Docket No. 145]** |

After reviewing the plaintiff IGC's papers, the court agrees with Magistrate Judge Grewal that defendant j2 did not waive its attorney-client privilege over Mr. Morosoff's documents. IGC makes four arguments challenging Judge Grewal's order: (1) Judge Grewal erred in considering evidence that j2 submitted after the hearing; (2) Judge Grewal did not address specific challenges that IGC made to Mr. Morosoff's privilege log; (3) j2 waived its privilege by failing to disclose the documents on its own privilege log and producing Mr. Morosoff's log in an untimely manner; and (4) j2 waived its privilege by allowing Mr. Morosoff to store j2 documents on a third party server.

None of these arguments is persuasive. First, it was not a denial of due process to consider the post-hearing evidence and Judge Grewal's decision was not dependent on that evidence. Attorney-client privilege may extend beyond a formal employment agreement. *United States v.*

*Kleifgen*, 557 F.2d 1293, 1297 (9th Cir. 1977) (Confidential communications had between [client] and his former counsel retain the protection of the attorney-client privilege beyond the termination of the attorney-client relationship."). Furthermore, former employees may be covered by attorney-client privilege when they are communicating with corporate counsel. *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 658 F.2d 1355, 1361 (9th Cir. 1981) ("Former employees, as well as current employees, may possess the relevant information needed by corporate counsel to advise the client with respect to actual or potential difficulties.").

Second, the specific challenges IGC articulated in its reply brief were without merit. Dkt. No. 119 at 12. IGC complained that some entries on the privilege log involved a "press release" which could not be privileged. The actual entry reads ". . . confidential communication reflecting legal advice of counsel regarding press release." Dkt. No. 145-7 at 16 (Morosoff privilege log). This contains enough explanation to satisfy j2's burden. Similarly, IGC's complaints about not being able to identify the parties on the log who sought legal advice from Mr. Morosoff is not a basis to require j2 to turn over those documents.

IGC's waiver arguments also fail. j2 did not waive its privilege by allowing Mr. Morosoff to store his emails and other documents on a third party server. Cal. Evid. Code § 917(b) (attorney-client communications do not lose their privileged character "for the sole reason that [they are] communicated by electronic means or because persons involved in the delivery, facilitation, or **storage** of electronic communications may have access to the content of the communication[s].") (emphasis added). Finally, IGC's delay argument is not persuasive because Mr. Morosoff produced his log pursuant to IGC's subpoena, although it was supplemented to comply with a later-issued Order. *See* Dkt. No. 112-1 at 5 (j2 Opp. to Motion to Compel).

Accordingly, the motion for relief is DENIED.

Dated: April 9, 2014

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge